IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ESTER BRASWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | |
| AMERICAN GENERAL LIFE AND | ) | |
| ACCIDENT INSURANCE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant American General Life & Accident Insurance Company ("American General") files this Notice of Removal to remove this civil action from the Circuit Court of Montgomery County, Alabama, wherein it was filed as CV-06-900023, to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto this Honorable Court as follows:

1.     As detailed in this Notice of Removal, Plaintiff cannot state a cause of action against the sole non-diverse defendant, Thomas Pierce, under Alabama law because Plaintiff;s claims against Strickland are barred by Alabama's twenty-year rule of repose. The non-diverse defendant has consequently been fraudulently joined. As a result, this civil action has been properly removed based on diversity of citizenship.

2.     On or about August 18, 2006, Plaintiff filed a Complaint in the Circuit Court of Montgomery County, Alabama, in the civil action styled *Ester Braswell v. American General Life & Accident Insurance Company, et al.*, Civil Action No. CV-06–900023. A true and correct copy of all process, pleadings, and orders served upon American General is attached hereto as

Exhibit A.

3.      The Summons and Complaint were served upon American General on August 28, 2006. Upon information and belief, Thomas Pierce has not been served with the Summons and Complaint.

4.      This action could have been filed in this Court, pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff and the properly joined Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

5.      Upon information and belief, each Plaintiff is a citizen and resident of the State of Alabama. *See* Complaint at ¶ 1.

6.      Defendant American General is a Tennessee corporation with its principal place of business in Nashville, Tennessee. Pursuant to 28 U.S.C. §1332(c)(1), American General is a citizen of the State of Tennessee. As a result, American General is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

7.      Although Defendant Thomas Pierce is alleged to be a citizen and resident of the State of Alabama, his joinder does not preclude diversity jurisdiction because he has been fraudulently joined in this action.

8.      Diversity of citizenship is present because the only allegedly non-diverse defendant, Thomas Pierce, has been fraudulently joined. When a defendant has been fraudulently joined, the Court should disregard his or her citizenship for purposes of determining whether a case is removable based on diversity of citizenship. *See, e.g., Tapscott v. MS Dealer*

*Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("*Tapscott*"), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

9.     The Court must consider certain factors in determining whether a defendant has been fraudulently joined:  (1) "whether there is any possibility the plaintiff can establish any cause of action against the resident defendant" under either the law or the facts alleged, and (2) "whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *see also Tapscott*, 77 F.3d at 1360 n.17. The Eleventh Circuit in *Tapscott* also addressed a third type of fraudulent joinder, labeled fraudulent misjoinder by some courts. *Tapscott*, 77 F.3d at 1360.   If any factor is present, the resident defendant has been fraudulently joined and should be ignored for jurisdictional purposes. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

10.     There is no possibility that the Plaintiff would be able to establish a cause of action against Pierce. Therefore, he has been fraudulently joined. *See Teddar v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (courts shall disregard the citizenship of fraudulently joined defendants when determining if complete diversity exists).[1]   Thomas Pierce has been fraudulently joined because there is no possibility of recovery against him for fraud because Plaintiff's claims are barred by the rule of repose.

### Plaintiff's claims against Pierce fail because they are barred by the rule of repose.

11.     In *Whitlock v. Jackson National Life Insurance Company*, 32 F. Supp. 2d 1286, 1290 (M.D. Ala. 1998), the Middle District of Alabama held that if the only claims against a

---

[1]The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981)(*en banc*).

resident defendant are time barred, then there 'is no possibility the plaintiff can establish a cause of action against the resident defendant.' In such a situation, the resident defendant is deemed to have been fraudulently joined." *See also   Levett v. Independent Life and Accident Insurance Company*, 814 F.Supp 1053, 1058 (M.D. Ala. 1993).

12.    Under Alabama law, the common law rule of repose bars actions that have not been commenced within 20 years from the time they could have been commenced. *See American General Life & Accident Insurance Company v. Underwood*, 886 So. 2d 807, 812 (Ala. 2004)(*citing Tierce v. Ellis*, 624 So. 2d 553, 554 (Ala. 1993)). The rule of repose is not effected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence has been obscured. *Id.* Furthermore, a lack of notice is not sufficient to avert the application of the rule of repose. *Id.* The only element is time. *Id.* The rule of repose begins to run on a claim as soon as all of the essential elements of that claim coexist so that the plaintiff could validly file suit. *Id., citing Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 129 (Ala. 2003).

13.    In this case, Plaintiff claims that on November 7, 1983, she was approached by Defendant Thomas Pierce about purchasing the life insurance policy at issue in this case. Complaint at ¶ 5. Plaintiff claims that in 1983, Pierce fraudulently represented to her that her premiums would always remain level and that the policy would be a good investment plan. Id. at ¶ 6. There are no other allegations of conduct on the part of Pierce alleged in the complaint.

14.    In this case, all of the elements of Plaintiff's claims against Defendant Pierce were present in 1983 when the allegedly fraudulent misrepresentations were made and when she paid premiums for a policy that was not as she was promised. This case was filed in August of 2006, more than twenty years after Plaintiff was entitled to bring her claim. Therefore, it is barred by

Alabama's twenty year rule of repose.  As a result, no claim can be maintained against Thomas

Pierce and he has been fraudulently joined in this case.

## AMOUNT IN CONTROVERSY

15.    Plaintiff's complaint alleges a variety of common law claims and seeks
unspecified compensatory and punitive damages.

16.    In order to meet the $75,000 jurisdictional threshold in a case with an unspecified
claim for damages, Defendant need show only that "the amount in controversy more likely than
not exceeds the [now $75,000] jurisdictional requirement." *Tapscott*, 77 F.3d at 1357; *Kilpatrick
v. Martin K. Eby Construction Co., Inc.*, 708 F. Supp. 1241, 1242-43 (N.D. Ala. 1989) (holding
that the "amount in controversy requirement has been met" even though "the State Court
complaint does not demand judgment of a specified dollar amount").  In this case, Defendant can
remove to federal court if it can show, by a preponderance of the evidence, facts supporting
jurisdiction. *Tapscott*, 77 F.3d at 1356-57.  A lower burden of proof is warranted where damages
are unspecified because there is simply no estimate of damages to which a court may defer. *Id.*

17.    Prospective punitive damages must be considered in any calculation of the
amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535
(11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive
damages must be considered, unless it is apparent to a legal certainly that such cannot be
recovered.") (citations omitted); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240
(1943) (claims for compensatory and punitive damages should be aggregated to determine
jurisdictional amount in controversy).  Further, "it is clear that in Alabama, when a plaintiff
seeks recovery for fraud against an insurance company and asks for punitive damages, the
recovery, if the plaintiff prevails, may very well exceed [the jurisdictional amount]." *Bolling v.*

*Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995); *Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197, 1200 (M.D. Ala. 1999); *accord, Lindsey v. Franklin Life Ins. Co.*, Civil Action No. 99-A-1028-N (M.D. Ala. 1999); *McDuffie v. Franklin Life Insurance* Co., Civil Action No. 99-D-1023-N at 14-15   (M.D. Ala. March 6, 2000); *Wilder v. Franklin Life Insurance Co.*, Civil Action No. 99-D-1037-E at 15-16 (M.D. Ala. March 27, 2000); *Goree v. Franklin Life Insurance Co.*, Civil Action No. 99-D-986-N at 16-17 (M.D. Ala. April 24, 2000); *Saunders v. Franklin Life Insurance Co.*, Civil Action No. 99-D-1077-S at 17-18 (M.D. Ala. April 27, 2000); *Smith v. Franklin Life Insurance Co.*, Civil Action No. 99-D-1081-S at 30-32 (M.D. Ala. June 30, 2000); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1222 (S.D. Ala. 1998) (applying "preponderance of the evidence standard" and finding that amount in controversy requirement was satisfied even though complaint did not specify amount of damages).

18.    In determining whether the jurisdictional level has been met, this Court may also look for guidance to recent decisions rendered in cases on the same type of suit. *Bolling*, 900 F. Supp. at 404. In *Bolling*, the Court held the amount in controversy requirement had been met even where the plaintiff had not specified a damage amount where the defendant presented the court with numerous decisions from the Alabama courts in which the fraud action yielded liability of greater than $75,000, despite the plaintiff having slight out-of-pocket or actual damages. *See generally Jackson v. American Bankers Insurance Co. of Florida*, 976 F. Supp. 1450, 1452 (S.D. Ala. 1997). Attached to this Notice of Removal as Exhibit B is a list of recently recorded verdicts in excess of $75,000 against insurance companies for fraud. This list makes clear that it is more likely than not that if plaintiff prevails in this case, the claims for punitive damages alone will exceed the amount in controversy.

19.    For the foregoing reasons, it is more likely than not that the jurisdictional amount for diversity jurisdiction is met in this case.

20.    If any question arises as to the existence of the requisite amount in controversy, then American General requests the opportunity to submit post-removal evidence in accordance with the procedure adopted by the Eleventh Circuit. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). In affirming the denial of plaintiff's motion to remand, the Eleventh Circuit held that the district court properly considered defendant's post-removal evidence including defendant's requests for admission directed to the amount in controversy. The Eleventh Circuit explained that, "[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction." *Id.*

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

21.    Because this Notice of Removal is filed within thirty days of service of the complaint upon the first served Defendant, it is timely under 28 U.S.C. § 1446(b).

22.    All properly joined and served Defendants join in and consent to this removal. Fraudulently joined parties need not join in a Notice of Removal. *See, e.g., Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1222 n.11 (M.D. Ala. 1991) *overruled on other grounds as recognized in Reneau v. Oakwood Mobile Homes*, 952 F.Supp. 724 (N.D.Ala. Jan 28, 1997)(nominal or improperly joined defendants need not join in removal); *Siderits v. Indiana*, 830 F. Supp. 1156, 1160 (N.D. Ind. 1993); *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1195 (S.D. Miss. 1989).

23.    Defendants have sought no similar relief with respect to this matter.

24    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

7

25.    Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

26.    A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Court Clerk for the Circuit Court of Montgomery County.

27.    The allegations of this notice are true and correct, this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

28.    If any question arises as to the propriety of the removal of this action, American General requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, American General, desiring to remove this case to the United States District Court for the Middle  District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Michael D. Mulvaney (MUL012)
David P. Donahue (DON025)

Attorneys for Defendant, American General Life and Accident Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
Fax: (205) 254-1999

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Jere L. Beasley
Dee Miles, III
Clinton C. Carter
BEASLEY, ALLEN, CROW
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

on this the 27th day of September, 2006.

_____
OF COUNSEL



IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

ESTER BRASWELL,                    *
                                   *
    Plaintiff,                 *
                                   *
                                   *
vs.                                *    CIVIL ACTION NO. CV-06- _900023_
                                   *
                                   *
AMERICAN GENERAL LIFE AND          *
ACCIDENT INSURANCE COMPANY;        *
THOMAS PIERCE; and                 *
Fictitious Defendants              *
"A",   "B", and "C", whether       *
singular or plural, those          *
other persons, corporations,       *
firms, or other entities whose     *
wrongful conduct caused or         *
contributed to cause the           *
injuries and damages to the        *
Plaintiff, all of whose true       *
and correct names are unknown      *
to Plaintiff at this time,         *
but will be substituted by         *
amendment when ascertained,        *
                                   *
    Defendants,                *

## <u>COMPLAINT</u>

### <u>STATEMENT OF THE PARTIES</u>

    1.    Plaintiff Ester Braswell is over the age of nineteen (19) years and resides in

Montgomery County, Alabama.

    2.    Defendant American General Life and Accident Insurance Company

(hereinafter referred to as "American General") is a foreign corporation doing business by

agent in Montgomery County, Alabama.

1



EXHIBIT

A

3.    Defendant Thomas Pierce (hereinafter referred to as "Pierce") is over the age of nineteen (19) years and is believed to reside in Montgomery County, Alabama.

4.    Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5.    On or about November 17, 1983 in Montgomery County, Alabama, Plaintiff was approached by Defendant Thomas Pierce, acting as agent and/or representative for Defendant American General[1], about purchasing a life insurance policy with death benefits.

6.    Defendants represented to Plaintiff that she could purchase a life insurance policy with a $1000.00 death benefit with American General and American General would promise them that level, monthly premium payments would maintain the $1,000.00 death benefit for the life of the policy. Defendants further represented that said policy would be a good investment plan.

7.    Based on the representations made by Defendants, Plaintiff agreed to purchase the aforesaid investment plan, to-wit: Contract No. 839233636.

8.    At all times material hereto, Defendant Thomas Pierce was the agent for all other Defendants and was acting within the line and scope of his agency in dealings with

---

[1] Gulf Life Insurance Company issued the policy to Plaintiff in 1983 and was later acquired by Defendant American General in 1995.

2

Plaintiff.

9.    Plaintiff discovered the fraud within two years of filing this lawsuit.

10.    At all times material hereto, Plaintiff depended on Defendants to advise her as to the financial matters involved with the insurance policy because of their superior knowledge and position.

11.    The conduct by Defendants was intentional, gross, wanton, malicious, or oppressive.

## COUNT ONE

12.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

13.    On or about November 17, 1983 in Montgomery County, Alabama, Plaintiff was approached by Defendant Thomas Pierce, acting as agent and/or representative for Defendant American General, about purchasing a life insurance policy with death benefits.

14.    Defendants represented to Plaintiff that she could purchase a life insurance policy with a $1000.00 death benefit with American General and American General would promise them that level, monthly premium payments would maintain the $1,000.00 death benefit for the life of the policy. Defendants further represented that said policy would be a good investment plan.

15.    Based on the representations made by Defendants, Plaintiff agreed to purchase the aforesaid investment plan, to-wit: Contract No. 839233838.

16.    The representations by Defendants were false and Defendants knew they were false.

3

17.    Plaintiff relied upon the false representations and purchased said investment plan.

18.    As a proximate consequence of the Defendants' fraud, Plaintiff was injured and damaged as follows: she made deposits on an insurance policy that was not as promised; she has lost the value of her deposits; she lost interest on the deposits; she is losing cash value on a daily basis because the premiums are inadequate to maintain the death benefit for the life of the policy; she will be required to increase premiums in the future or lose the insurance; she does not have the investment plan that was promised to her; rather, all she has is a whole life insurance policy that cannot perform as the investment plan represented; she suffered mental anguish and emotional distress and will continue to do so; and she has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award her interest and costs.

## COUNT TWO

19.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

20.    At the aforesaid time and place, Defendants American General and Thomas Pierce, fraudulently failed to disclose to Plaintiff that the contract she purchased did not have an investment plan; that the contract would not maintain a $1,000.00 death benefit upon timely payment of level monthly premiums; that the values used to illustrate the contract were fictitious; that the promise of an investment plan from the contract was based on inflated estimates of American General's investment performance; that the

4

promise was based on fictitious dividend projections; that the contract was nothing more than a whole life insurance policy; that every dollar of Plaintiff's deposits were being used for life insurance not an investment plan.

21.   Because of the non-disclosure and/or fraudulent concealment, Plaintiff changed her position and purchased said contract.

22.   As a proximate consequence of the fraudulent conduct, Plaintiff was injured and damaged as alleged in paragraph 18 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award her interest and costs.

## COUNT THREE

23.   Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

24.   At the aforesaid time and place, Defendants American General and Thomas Pierce innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts relating to the terms of the agreement.

25.   As a proximate consequence of the wrongful acts, Plaintiff was injured and damaged as alleged in paragraph 18 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award her interest and costs.

5

## COUNT FOUR

26.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

27.    Defendant American General and Fictitious Defendants "A", "B", and "C" negligently hired, trained, or supervised Defendant Pierce.

28.    As a proximate consequence of the negligence, Plaintiff was injured and damaged as alleged in paragraph 18 above.

WHEREFORE, Plaintiff demands judgment against Defendant American General and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory damages as a jury deems reasonable and may award them interest and costs.

## COUNT FIVE

29.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

30.    Defendant American General and Fictitious Defendants "A", "B", and "C" wantonly hired, trained, or supervised Defendant Pierce.

31.    As a proximate result, Plaintiff was injured and damaged as alleged in paragraph 18 above.

WHEREFORE, Plaintiff demands judgment against Defendant American General and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory and punitive damages as a jury deems reasonable and may award her interest and costs.

6

JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III (MIL060)
CLINTON C. CARTER (CAR112)
Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone:    (334) 269-2343
Facsimile:    (334) 954-7555

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

OF COUNSEL

7



# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| ESTER BRASWELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. CV-06- *9 000023* |
| | * |
| AMERICAN GENERAL LIFE AND | * |
| ACCIDENT INSURANCE COMPANY; | * |
| THOMAS PIERCE; et. al., | * |
| | * |
| Defendants. | * |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
### REQUEST FOR PRODUCTION TO DEFENDANT
### AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY

Pursuant to Rule 33 of the Alabama Rules of Civil Procedure, Plaintiff propounds the following interrogatories to be answered by American General Life and Accident Insurance Company, (hereinafter "American General") a Party Defendant, in the manner and form prescribed by law:

### INTERROGATORIES

1.   State the correct name of this Defendant.

2.   List each parent or holding company, subsidiary company, and unincorporated division for this Defendant.

3.   State the names, job titles, and employer of each person in the supervisory chain of command for American General, a Party Defendant. [This is not limited to this Defendant's employees—include any person who has any supervisory control over the agent.]

4.    State the names, job titles, addresses, and telephone numbers of all current and former employees or agents of this Defendant who worked in the State of Alabama over the past ten (10) years.

5.    Who has been responsible, on behalf of this Defendant, for the hiring or selection of agents and the supervision of agents?

6.    Has Thomas Pierce been a licensed agent of this Defendant?  If so, give the inclusive dates.

7.    Describe in detail this Defendant's policies and procedures for the hiring of persons who make application to become agents for the company and state the names, and job titles of all persons who have the responsibility of formulating the policies and procedures.

8.    Describe in detail all investigations, evaluations, or reviews done on the suitability of Defendant Thomas Pierce to become an insurance agent for this Defendant.

9.    Describe in detail each and every manner in which this Defendant monitored or supervised the activities of Thomas Pierce while an agent of this Defendant.

10.    In what manner was Defendant Thomas Pierce paid by this Defendant during each of the past five (5) years?    [This includes salary, draws, commissions, or otherwise.]

11.    List each person, giving their name, employer, address, and job description, who supervised in any manner the work performance of Defendant

2

Thomas Pierce for the entire time he/she was an agent or employee for this Defendant.

12. List each division of this Defendant that has existed for each of the past ten (10) years and state the name of the person who has headed up each such division along with his or her job title.

13. Has there been a reorganization of the structure of this Defendant (insofar as regions or divisions are concerned or otherwise) during the past ten (10) years?

14. List each government agency that has had the responsibility of regulating this Defendant in any manner and give the inclusive dates for each such agency's responsibility.

15. List each officer, employee, agent, attorney, or representative of this Defendant who has had the responsibility of reporting to, consulting with, or interacting with the Insurance Department of any state during the past ten (10) years.

16. List each report that this Defendant is or has been required by law or otherwise to make to the Insurance Department or other regulatory agency of any state.

17. How many agents were licensed under this Defendant to sell insurance in each policy category for each of the past ten (10) years?

18. Over the years, how have new lines of insurance or insurance policies been produced or formulated by this Defendant?

3

19.    What files are maintained by this Defendant on agents, policies, and policyholders?

20.    Does this Defendant require to be held on a regularly scheduled basis either annual sales meetings for agents, quarterly sales meetings for agents, monthly sales meetings for agents, or weekly sales meetings for agents?

21.    List each state in which this Defendant has sold insurance for each of the past 25 years.

22.    Has this Defendant ever been denied or refused the right to do business in any state?

23.    Please state the name of any liability insurance company that provides coverage for any portions of the Plaintiff's Complaint. State the amount of coverage you have.

24.    Does this Defendant plan to utilize an expert witness at trial? If so, state the name and address of each expert and in your answer comply with the requirements of the A.R.Civ.P. relating to experts.

25.    If the Defendant agent has become unlicensed by a company he/she has sold insurance for, please state the name and address of the company and the reason he/she became unlicensed by the company.

26.    State the name and position of the individual at American General who is most knowledgeable or who was responsible for the development of the policy like that sold to Plaintiff.

4

27.    State the name and position of the individual at American General who is most knowledgeable or who was responsible for the marketing of the policy like that sold to Plaintiff.

28.    Regarding the premium paid by Plaintiff, how much was invested?

29.    State exactly what was done with the premium paid by Plaintiff?

30.    How much in interest did Plaintiff earn from the proceeds that were invested from the date the policy was purchased?

31.    State the loss ratio on the policy like that sold to Plaintiff nation-wide for the past 5 years.

32.    State in total premiums how much has been received from the sale of the policy.

## SPECIFIC DOCUMENTS REQUESTED

Plaintiff requests that this Defendant produce the following:

1.    The agent's file relating to the Plaintiff.

2.    The agent's personnel file.

3.    The underwriting file relating to the Plaintiff.

4.    All files dealing with each policy issued to the Plaintiff.

5.    All policies issued to Plaintiff by this Defendant.

6.    All documents showing any of Plaintiff's policies that were ever canceled or lapsed, showing the date they were canceled or lapsed, and the amount of cash value due to Plaintiff at the time they were canceled or lapsed.

5

7.     Names, addresses, and positions with each Defendant of each person who in any way worked with Plaintiff's policy.

8.     All promotional literature explaining the type of policy that was sold to Plaintiff.

9.     Sales pamphlets pertaining to the type of policy that was sold to Plaintiff.

10.     All sales manuals, procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct employees or agents with respect to the sale of insurance.

11.     Individual agent files relating to the policy issued to Plaintiff.

12.     All insurance policies that provide coverage for any portion of Plaintiff's Complaint or that this Defendant may use for reimbursement or as a defense in this case. Include the declarations page of such policies.

13.     A list of licensed agents in the State of Alabama for each of the past 10 years.

14.     A list of agents who have been either suspended, terminated, or had their license revoked in Alabama?

15.     All audio tapes, video tapes, brochures, seminar materials, sales promotional packages, and other written documents or materials relating to the marketing or sale of insurance policies like that sold to Plaintiff.

16.     Documents evidencing or relating to any reprimands, actions, complaints, or disciplinary actions taken against this Defendant by the Insurance Department or Attorney General of any state.

6

17.    All marketing studies or surveys that have been performed by or for this Defendant during the past ten (10) years.

18.    All surveys or studies showing the demographics of this Defendant's policyholders for the past ten (10) years.

19.    A list of all persons in the Underwriting Department who have knowledge of Plaintiff's policies.

20.    A copy of all lawsuits filed against this Defendant which involve allegations of fraud or other wrongdoing for the State of Alabama for the last five (5) years.

21.    All correspondence between this Defendant and the Insurance Department for the State of Alabama and any other State Insurance Department in which this Defendant does business concerning any complaints or lawsuits like or similar to this case.

22.    A copy of similar complaints that have been filed against this Defendant with any state or federal agency for the whole country for the past five (5) years.

23.    All documents evidencing any complaints, written or verbal, received by this Defendant relating to the agent who dealt with Plaintiff from whatever source.

24.    The resume and/or curriculum vitae of each expert you expect to testify at trial and any reports received from each expert.

25.    All correspondence between the Plaintiff and Plaintiff's family members and this Defendant.

7

26.    All correspondence, records, insurance policies, endorsements, applications, receipts, telephone logs or memoranda, documents, memoranda, computer printouts, statements, printable information from this Defendant's computers at any office including the home office, regional office and district office, or other information of whatever type or description which pertains in any way to Plaintiff.

27.    All notes or transcribed recording of any telephone conversation between this Defendant and/or any agent of Defendant and Plaintiff.

28.    The entire company file dealing with the Plaintiff.

29.    All policies ever issued to the Plaintiff or members of Plaintiff's family.

30.    All checks or drafts ever written to the Plaintiff or any member of Plaintiff's family by this Defendant.

31.    All documents showing premiums that the Plaintiff and/or Plaintiff's family have paid to this Defendant.

32.    All appraisal or evaluation forms dealing with each agent who dealt with the Plaintiff.

33.    All audits done of Defendant Thomas Pierce's policyholders.

34.    All documents, including applications that have a signature on them that appear to be that of the Plaintiff or any member of Plaintiff's family.

35.    All documents ever sent to the Plaintiff or Plaintiff's family members evidencing loans, dividends, or cash surrender values of policies.

36.    All documents showing loans taken out on any of Plaintiff's policies.

37.    All cash surrender forms executed by the Plaintiff.

8

38.    Any policy or procedure manual in effect between 1996 to the present date that deals with agents.

39.    Any document that this Defendant claims to have been executed by the Plaintiff or a family member.

40.    The commission rate card of the agent who dealt with the Plaintiff for the past ten years.

41.    All documents showing the amounts of commissions the agent made on the sale of any policy to the Plaintiff.

42.    The name, address and phone number of all Alabama policyholders of this Defendant who purchased policies like those issued to the Plaintiff, during the past ten years.

43.    The policyholder list for each agent who dealt with the Plaintiff.

44.    All documents containing the names and addresses of all policyholders to whom this Defendant has sold a policy through Defendant Thomas Pierce during the past ten years.

45.    Any and all performance reports, peer review reports, audits, or other documents pertaining in any way to the quality of Defendant Thomas Pierce's work as an agent or representative of this Defendant.

46.    Any and all documents relating in any way to this Defendant's selection, contracting, training, monitoring or supervision of Defendant Thomas Pierce.

9

47.     All documents indicating sales figures for Defendant Thomas Pierce for all years since association with this Defendant, including, but not limited to, volume, premium and persistency.

48.'    Any and all correspondence, telephone logs, records, documents, memoranda, or other information which mentions, describes or in any way refers to a complaint or allegations of misconduct concerning Defendant Thomas Pierce.

49.     Any and all correspondence, telephone logs, records, documents, memoranda, or other information which mentions, describes or in any way refers to allegations of criminal conduct on the part of Defendant Thomas Pierce.

50.     All reports, memoranda or other documents pertaining in any way to any investigation by an employee, agent or other person retained by this Defendant into any activities of Defendant Thomas Pierce.

51.     Any and all documents prepared by any employee, representative, agent or any other person retained by this Defendant which deals in any way to any allegation of wrongdoing on the part of Defendant Thomas Pierce.

52.     Any and all correspondence, records, documents, memoranda, computer printouts, policies or other information of whatever type or description which is maintained by this Defendant which pertain in any way to Defendant Thomas Pierce, not otherwise specifically requested, that have any bearing on or relate to the selling of insurance for this Defendant.

10

53.    Any and all documents indicating commissions earned or chargebacks by Defendant Thomas Pierce for all years since agency and/or association with this Defendant.

54.    Any and all documents indicating all monies earned or received by Defendant Thomas Pierce from this Defendant.

55.    All W-2 forms and Form 1099's of Defendant Thomas Pierce received from this Defendant.

56.    All correspondence, inquiries, requests for information, reports, or other documents received from any state insurance commission or department or any other governmental agency regarding Defendant Thomas Pierce.

57.    All documents sent by this Defendant to any state insurance commission or department or other governmental agency regarding Defendant Thomas Pierce.

58.    All documents pertaining in any way to any investigation of the background of Defendant Thomas Pierce done by this Defendant prior to entering into any agency contract or other association with Defendant Thomas Pierce.

59.    All documents pertaining in any way to the suitability of Defendant Thomas Pierce to act or work as an agent of this Defendant.

60.    All reports to any State Insurance Department in which this Defendant certifies to the suitability of Defendant Thomas Pierce to become licensed or remain licensed as an insurance agent.

11

61.   All documents which relate in any way to any investigation or inquiry by this Defendant into possible misconduct on the part of Defendant Thomas Pierce.

62.   All correspondence, records, documents, memoranda or other information of whatever type or description which was submitted to any law enforcement agency or personnel by this Defendant regarding Defendant Thomas Pierce.

63.   Each and every document supporting your contention, if any, that the activities of Defendant Thomas Pierce, as described in the Plaintiff's Complaint, were outside the line or scope of his agency with Defendant.

64.   All bulletins, pamphlets, manuals or other documents which describe the procedure involved in this Defendant's selection of its insurance agents and field representatives.

65.   Any and all manuals, bulletins, pamphlets or other documents which describe how this Defendant monitors or supervises its agents or field representatives.

66.   All policies, bulletins, rules, agent fraud controls or other documents which have been issued or instituted by this Defendant and which pertain in any way to the mishandling, misappropriation and/or conversion by this Defendant's agents of policyholder or client funds or which deal with agent fraud.

67.   All documents, manuals, policy and procedures manuals, correspondence, or written documents which deal with or relate to fraud controls, wrongful activities controls, recognizing wrongful activity of an employee or

12

agent, or recognizing fraud of an employee or agent, or warning signs of fraud or wrongful activities of an employee or agent.

68.    All computer printouts, memoranda or other information of whatever description which pertain in any way to this Defendant's investigation of requests by Defendant Thomas Pierce for dividend checks, loan checks, cash surrender value withdrawal checks or other funds belonging to a policy owner or client of Defendant.

69.    Any and all documents submitted by the Plaintiff or by Defendant Thomas Pierce for withdrawal of cash surrender values, dividends, loans, premiums, or other funds relating to the Plaintiff's policy or policies.

70.    The annual reports to stockholders or other reports of this Defendant to stockholders for the past ten (10) years.

71.    All documents which this Defendant intends to introduce as exhibits at the trial of this case.

72.    All documents showing the relationship between this Defendant and any other Defendant.

73.    Produce any and all materials, charts, studies, diagrams, actuarial tables, actuaries, mortality tables, memorandums, projections, premium calculations data, investment data, loss ratio projections, projections in general, etc. relating to the introduction into the market of the policy like that sold to Plaintiff.

74.    Produce any and all illustrations, prospectus, pitch sheets, sales kit documents used by salesmen of this Defendant at the time Plaintiff purchased the policy to the present regarding the policy like that sold to Plaintiff.

75.    Produce all letters of inquiry from State Department of Insurance regarding complaints concerning policies like that sold to plaintiff and/or the policy like that sold to Plaintiff.

76.    Produce the history of the investments, showing the amount of money invested and what accounts this money was invested, of all premiums paid by plaintiff.

77.    Produce the investment and earnings history of plaintiff in any account.

78.    Produce the loss ratios on the policy like that sold to Plaintiff nation-wide for the past ten (10) years.

79.    Produce any and all illustrations that would have been used by agents in the same district as agent Thomas Pierce at the time the policy was sold to Plaintiff.

80.    Produce the prospectus or a copy of the prospectus that would have been used by agent Thomas Pierce in the selling of the policy like that sold to Plaintiff.

CLINTON C. CARTER (CAR112)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
334-269-2343
FAX: 334-954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the Circuit Clerk with the Summons and Complaint, with sufficient copies for service on all Defendants, on this the ‾21‾ day of ‾A‾, 2006.

OF COUNSEL

15



# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

ESTER BRASWELL,                          *
                                         *
    Plaintiff,                           *
                                         *
vs.                                      *  CIVIL ACTION NO. CV-06-_*900023*
                                         *
AMERICAN GENERAL LIFE AND                *
ACCIDENT INSURANCE COMPANY;              *
THOMAS PIERCE; et. al.,                  *
                                         *
    Defendants.                          *

## NOTICE OF TAKING DEPOSITION

TO:   AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY
      Agent: Robert H. Harris
      214 Johnston Street
      Decatur, Alabama 35601

     PLEASE TAKE NOTICE that, pursuant to Alabama Rules of Civil Procedure

30(b)(5) and (6), Plaintiff will take the deposition of AMERICAN GENERAL LIFE

AND ACCIDENT INSURANCE COMPANY, a corporation (hereinafter referred to

as "said corporation") upon oral examination before an officer authorized by law to

administer oaths. The matters on which examination is requested are:

    1.    Relationship with the other Defendants;

    2.    Similar lawsuits;

    3.    This company's dealings with Plaintiff;

    4.    The type of policy sold to Plaintiff;

5.    The hiring, training, monitoring and/or supervising of Thomas Pierce;

6.    Any disciplinary action taken against agents of this Defendant;

7.    All matters alleged in the Complaint filed in this cause.

Said deposition shall be taken at a time and place to be agreed upon by all parties.

Pursuant to Rule 30(b)(5), A.R.Civ.P., Plaintiff requests deponent to produce the following items at said deposition:

1.    Copies of all documents, correspondence, policies, notes, memoranda, or other things of any manner maintained by you pertaining to Plaintiff.

2.    Copies of all documents, correspondence, notes, memoranda, or things of any manner received from Plaintiff.

3.    Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to Plaintiff or to Plaintiff's policy of insurance issued by this Defendant.

4.    Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to Plaintiff.

5.    Any diary, notes, or recordings of any nature concerning telephones conversations with Plaintiff or anyone acting on her behalf.

6.    Any and all documents in this Defendant's possession or control supporting the answer or defenses of this Defendant in this action.

7.    Copies of all documents, correspondence, notes, or memoranda between this Defendant and Defendant Pierce pertaining to Plaintiff's policy of insurance issued by this Defendant.

2

CLINTON C. CARTER (CAR112)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
334-269-2343
FAX: 334-954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the Circuit Clerk with the Summons and Complaint, with sufficient copies for service on all Defendants, on this the ___ day of _____, 2006.

OF COUNSEL

3

## Non-Wrongful Death Verdict List

RECEIVED

• *Whittaker v. Southwestern Life Insurance Company; James Perry,* February 6, 2004, Circuit Court of Macon County, CV-02-41. Plaintiff alleged fraud and conversion against her life insurance company and the company's agent. Total verdict **$1.6 Billion.**

• *Ingram v. Liberty National Life Ins. Co.,* September 2002, Circuit Court of Chambers County, CV-96-62. Insured brought action against life insurer, alleging fraud, suppression, deceit, wantonness, civil conspiracy, bad faith, and conversion in regards to the purchase of an insurance policy. After a jury returned a verdict in favor of insured for **$3,200,000**, the Chambers Circuit Court remitted the damage award to **$240,000**.

• *Waddell & Reed, Inc. v. United Investors Life, Inc.*, September, 2002, Circuit Court of Jefferson County, CV-00-2720. Life insurer for variable-annuity policies brought action against broker and related entities to recover for tortious interference with business relations, fraud, conversion, and breach-of-contract in connection with replacement of the insurer and payment of commissions. Total verdict **$50,000,000**.

• *Sockwell v. National Insurance Assoc.*, Circuit Court of Colbert County, CV-99-00. Insured brought action against her automobile insurer to recover for bad faith in investigating and delaying payment of claim for underinsured motorists (UIM) benefits. Total verdict **$810,000**.

• *Green, et al. v. ALFA Life Insurance Corporation*, Dec. 14, 2001, Circuit Court of Bullock County, CV-99-183. Plaintiffs alleged that insurance company misrepresented the terms of a life insurance policy. Total verdict **$3,300,000.00**.

• *Wooten v. Horace Mann Insurance Co. et al.*, June 25, 1999, Circuit Court of Perry County, CV-97-117. Plaintiff alleged that insurance company misrepresented the terms of a life insurance policy. Total verdict **$12,355,000.00**.

• *Thomas v. Fireman's Fund American Life Ins. Co., et al.*, May 10, 1999, Circuit Court of Jefferson County, CV-95-7797. Plaintiff alleged misrepresentations regarding the replacement of existing policies and the accumulation of value in the insurance/retirement product that he purchased. Total verdict **$3,220,000.00**.

• *Parker v. Life Insurance Company of Georgia, et al.*, November 20, 1998, Circuit Court of Macon County, CV-94-127. Plaintiff alleged intentional misrepresentation and fraudulent suppression of material facts in the sale of life insurance policy. Total verdict **$ 204,000.00**.

• *Taylor v. Safeway Insurance Co.*, July, 1998, Circuit Court of Jefferson County, Alabama, CV-97-3120. Plaintiff alleged bad faith and that insurance company had failed to provide adequate information as to the status of the insurance policy. Total Verdict **$ 342,500.00**.



EXHIBIT

B

- *Hare v. Mutual Savings Life Insurance Company*, November, 1997, Circuit Court of Walker County, CV-94-529. Plaintiff alleged fraud in the sale of an insurance policy. Total verdict **$3,500,000.00**.

- *Crocker v. Union Security Life Insurance Company*, August 15, 1997, Circuit Court of Choctaw County, CV-92-064. Plaintiff alleged fraud against credit life insurance company in the sale of life insurance policy. Total verdict **$5,000,000.00**. Remitted to **$2,000,000.00** and affirmed.

- *Nilsen v. Nationwide Insurance Company*, July, 1997, Circuit Court of Calhoun County, Alabama, CV-95-176. Plaintiff alleged bad faith in insurance company's failure to honor the insurance contract. Total Verdict: **$481,112.00.**

- *Slade v. State Farm Fire & Casualty Company*, February, 1997, Circuit Court of Montgomery County, CV95-458. Plaintiff alleged insurance fraud and bad faith in denial of payment. Total verdict **$970,350.00**.

- *Dixon v. The Mutual Life Insurance Co. of New York*, November 1996, Circuit Court of Barbour County, Alabama, CV-95-0141. In consolidated vanishing premium case, plaintiffs alleged fraud and misrepresentation. Settlement Amount **$12,500,000.00.**

- *Allums v. Foremost Insurance Company*, August, 1996, Circuit Court of Bullock County, CV-95-43-WHR. Plaintiff alleged agent and insurer sold unnecessary insurance to justify higher rates. Total verdict **$7,000,000.00**.

- *McQuiston v. Liberty National Life Ins. Co.*, June, 1996, Circuit Court of Chambers County, CV-94-234  Plaintiff alleged that agent changed applicant's prior medical history on application for life insurance and forged applicants name on altered applications. Total verdict **$17,530,000.00**.

- *Barnes v. American General Life Assurance Co.*, April, 1996, Circuit Court of Mobile County, CV-94-3571-RLB. Agent allegedly collected insurance premiums but allowed disabled insured's life insurance policy to lapse and forged documents to replace the policy. Total verdict amount **$35,000,000.00**.

- *Strickland v. Liberty National*, April, 1996, Circuit Court of Mobile County, CV-1399-EBM. Agent allegedly induced insured to switch life insurance policies to collect new sales commission. Total verdict **$5,000,000.00**.

- *Corner, et al v. Foremost Insurance Co., et al.*, February, 1996, Circuit Court of Lowndes County, CV-94-127-HEM. Agent and insurer allegedly sold plaintiffs unnecessary insurance to justify higher rates. Total verdict **$3,276,000.00**.

• *Green, et al v. Life of Georgia*, February, 1996, Circuit Court of Baldwin County, CV-94-476-PB. Agent allegedly sold life insurance policies to five plaintiffs representing that it was a retirement fund. Total verdict **$1,000,000.00**.

• *Parker v. Life Insurance of Georgia et al.*, February, 1996, Circuit Court of Macon County, CV-94-127-JH. Agent allegedly did not explain "graded death benefit" of life insurance policy. Total verdict **$200,000.00**.

• *Key v. Prudential Insurance Co., et al.*, August, 1995, Circuit Court of Marshall County, CV 93-479, Plaintiff sued his insurance company for fraud based on representation that no additional premiums would be due. Total verdict **$25,000,000.00**.

• *Allen v. Liberty National Life Insurance Company*, August, 1995, Circuit Court of Jefferson County, CV 94-3634, Plaintiff sued his insurance company for bad faith. Jury returned a verdict against the insurance company for **$5,400,000.00** in punitive damages reduced to **$2,700,000.00** by that court.

• *American Pioneer Life Insurance Company v. Williamson*, 1995 WL 372051 (Ala.). The Supreme Court of Alabama affirmed a jury verdict in favor of an insurance agent against his former employer. The Court affirmed a compensatory damage award of $250,000. The court remitted a punitive damage award of **$3,000,000.00** to **$2,000,000.00**.

• *Coram v. Liberty National Life Insurance Company*, October, 1994, Circuit Court of Mobile County, CV 93-2100. Plaintiff sued her insurance company for fraud. A jury returned a verdict against the insurance company for **$4,500,000.00** in punitive damages and **$100,000.00** in compensatory damages.

• *Robertson v. Liberty National Life Insurance Company*, April, 1994, Circuit Court of Barbour County, Alabama, CV-92-021. In replacement policy case, plaintiff sued his insurance company alleging fraud and misrepresentation. The case settled before trial for **$55,000,000.00**.

• *Gallant v. Prudential Insurance Company*, Circuit Court of Barbour County, April, 1994. Plaintiffs sued their insurance company for fraud. Jury returned a verdict against the insurance company for **$25,000,000.00** in punitive damages and **$430,000.00** in compensatory damages.

• *Johnson v. Life Insurance Company of Georgia, Inc.*, June, 1994, Circuit Court of Mobile County, CV 93-969. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$15,000,000.00** in punitive damages and **$250,000.00** in compensatory damages.

• *Crocker v. Union Security Insurance Company*, February, 1994, Circuit Court of Choctaw County, CV 92-064. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$5,000,000.00**.

• *Carrier Express, Inc. v. Home Indemnity Company*, January, 1994, United States District Court for the Northern District of Alabama, CV 91-G-1972-S. Company sued insurance carrier

for bad faith. Jury returned a verdict of **$4,812,500.00** in punitive damages and **$2,463,959.00** in compensatory damages.

• *Fenn v. Liberty Life Insurance Company*, August, 1994, Circuit Court of Barbour County, CV 93-49. Plaintiff sued his insurance company for fraud. Jury returned a verdict against the insurance company for **$2,500,000.00** in punitive damages.

• *Massey, et al v. Foremost Insurance Company, et al.*, June 1993, Circuit Court of Bullock County. Plaintiffs sued insurance company for fraud. Judy returned verdict against insurance company for **$15,000,000.00** in punitive damages.

• *McAllister v. Liberty National Life Insurance Company*, October, 1993, Circuit Court of Mobile County, CV 92-4085. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$1,000,000.00** in punitive damages.

• *Smith v. Crown Life Insurance Company*, May, 1993, Circuit Court of Mobile County, CV 91-2083. Plaintiff sued his insurance company for fraud. Jury returned a verdict against the insurance company for **$2,000,000.00** in punitive damages and **$2,000,000.00** in compensatory damages.

• *Foster v. Life Insurance Company of Georgia*, October, 1992, Circuit Court of Mobile County, CV 91-1534. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$1,000,000.00** in punitive damages and **$250,000.00** in compensatory damages.

• *Cooper and Associates v. Central Life Assur. Company*, June, 1992, Jefferson County Circuit Court , CV 87-503-168-MC. Insurance agents sued their former insurance company alleging fraud and breach of contract. Jury returned a verdict for **$2,200,000.00** in punitive damages and **$101,000.00** for compensatory damages.

• *Allen v. Statesman National Life Insurance Company*, June, 1994, Circuit Court of Houston County, CV 93-196. Plaintiff sued insurance company for bad faith. Jury returned a total verdict of **$1,325,000.00** and a verdict of **$750,000.00** in punitive damages.