IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTER BRASWELL | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | * CIVIL CASE NO. 2:06CV869-MHT |
| | * |
| AMERICAN GENERAL LIFE | * |
| And ACCIDENT INSURANCE | * |
| COMPANY, et al. | * |
| | * |
| Defendants. | * |

## MOTION TO REMAND AND
## MEMORANDUM IN SUPPORT THEREOF

COMES NOW the Plaintiff, pursuant to 28 U.S.C.A.§1447(c), and hereby moves this Honorable Court to remand this action to the Circuit Court from which it was removed. This action is not a case arising out of the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. Plaintiff asserts only claims arising under Alabama common law and statutes. This Court lacks subject matter jurisdiction and this action is not one for which removal is provided by 28 U.S.C. §1441(a).

Furthermore, the Petition for Removal is not proper based on the grounds of diversity jurisdiction because Plaintiff submits an affidavit which states with specificity that Plaintiff does not seek damages exceeding $75,000.00 in the aggregate for all claims stated in the Complaint. See Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994).

## STANDARD OF REVIEW

A removal motion should be strictly construed against removal and all doubts should be resolved in favor of remand. Shamrock Oil & Gas v. Sheets, 331 U.S. 100

(1941); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); and *Paxton v. Weaver*, 553 F.2d 936 (5th Cir. 1977). Any party who urges federal jurisdiction on a federal court bears the burden of showing that the jurisdiction exists. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989), (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)). For this reason, the party wishing to remove the action who contends that the federal court has subject matter jurisdiction bears a heavy burden. This burden is especially high when the defendant alleges that the requisite threshold of $75,000.00 per plaintiff has been met in order to satisfy the jurisdictional limit for diversity jurisdiction. *Blair v. Force One Mortgage Services Corp.*, 925 F. Supp. 617 (U.S. Dist. Ct. Minn. 3rd Div. 1996).

This case can be remanded on the authority of *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994), in that the Plaintiff demands damages in an amount less than $75,000.00. A plain reading of the affidavit demonstrates that Plaintiff will not seek nor attempt to collect damages in excess of $75,000.00 in the aggregate for all causes of action in this matter. (Attached hereto as Exhibit "A")[1]. Therefore, Plaintiff's Motion to Remand is due to be **GRANTED**.

## PLAINTIFF DOES NOT SEEK DAMAGES EXCEEDING THE $75,000.00 JURISDICTIONAL LIMIT

The federal courts are courts of limited jurisdiction. While a defendant does have a right, granted by statute, to remove in certain situations, the plaintiff is still master of his own claim. *Burns v. Windsor Insurance Co.*, supra. "Plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." See generally, *Wright and Miller,* 14A

---

[1] Exhibit A is attached unsigned. Plaintiff will supplement with a signed and notarized affidavit in a timely fashion.

2

Federal Practice and Procedure § 3702; *St. Paul's Indemnity Corp. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592 (1938). Defendant's right to remove and plaintiff's right to choose a forum are not on equal footing. Removal statutes are construed narrowly and when the plaintiff and defendant dispute about jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor*, supra at 1094; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L. Ed. 2d 1046 (1991); and *Coker v. Amoco Oil Corp.*, 709 F.2d 1433 (11th Cir. 1983).

The removing defendant has the burden of proving the existence of federal jurisdiction. 28 U.S.C.A. § 1441 (a). A defendant's ability to remove a state case to federal court is not unfettered. *Tapscott v. M.S. Dealer Service Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996). In the instant matter, the Defendant's only ground for removal is diversity jurisdiction. Because Plaintiff's affidavit demands damages in an amount less than $75,000.00, diversity jurisdiction does not exist. Therefore, this matter is due to be remanded to state court.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand is due to be **GRANTED**. Plaintiff asks this Court to issue an order remanding this action back to the Circuit Court.

_____
CLINTON C. CARTER (CAR112)
Attorney for the Plaintiff
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the \_\_\_2\_\_\_ of October, 2006.

**Attorney(s) for Defendant American General Life and Accident Insurance Co.**

Michael D. Mulvaney
David P. Donahue
**MAYNARD COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
Telephone:  205-254-1000
Facsimile:   205-254-1999

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTER BRASWELL | * |
| Plaintiff | * |
| vs. | * CIVIL CASE NO. 2:06CV869-MHT |
| AMERICAN GENERAL LIFE And ACCIDENT INSURANCE COMPANY, et al. | * |
| Defendants. | * |

### AFFIDAVIT OF PLAINTIFF

Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Ester Braswell, who is known to me and who being by me first duly sworn, on oath, deposes and says as follows:

"My name is Ester Braswell. I am the Plaintiff in the above-styled case and am competent to testify. I make this affidavit based on personal knowledge.

I did not intend to seek damages in excess of the total amount $75,000.00 at the time the complaint was filed. I irrevocably agree that the amount of damages claimed by me in this action is and will forever be no more than $75,000.00 exclusive of interest and costs. I irrevocably agree to the entry of an order of this Court which places an irrevocable cap upon the amount of damages which may be sought by or awarded to me in this case, and that this cap shall be set as $75,000.00 exclusive of interest and costs. I will under no circumstances accept a judgment or settlement in this case in excess of $75,000.00. I agree, acknowledge, and understand that this agreement is binding upon me and my heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under



any circumstances regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action."

_____
Ester Braswell

SWORN to and SUBSCRIBED before me on this the _____ day of October, 2006.

\<SEAL\>

_____
NOTARY PUBLIC
My Commission Expires: _____