**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ESTER BRASWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:06-cv-00869-MHT-VPM** |
| **AMERICAN GENERAL LIFE AND** | ) | |
| **ACCIDENT INSURANCE COMPANY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT
AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY**

Defendant American General Life & Accident Insurance Company ("American General") for its answer to Plaintiff's Complaint and each and every allegation therein, states as follows:

**STATEMENT OF THE PARTIES**

1.      American General is without knowledge sufficient to admit or deny this allegation, and therefore denies it and demands strict proof thereof.

2.      American General admits that it is a Tennessee corporation and conducts business in Montgomery County, Alabama.

3.      American General is without knowledge sufficient to admit or deny this allegation, and therefore denies it and demands strict proof thereof.

4.      American General is without knowledge sufficient to admit or deny this allegation, and therefore denies it and demands strict proof thereof.

## STATEMENT OF THE FACTS

5.     American General admits that the policy at issue in this case was written in 1983 to Plaintiff.  American General is without knowledge sufficient to admit or deny the remaining allegations, and therefore denies them and demands strict proof thereof.

6.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

7.      American General denies the allegations contained in this paragraph and demands strict proof thereof.

8.     American General is without knowledge sufficient to admit or deny this allegation, and therefore denies it and demands strict proof thereof.

9.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

10.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

11.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

## COUNT ONE

12.     American General adopts and incorporates its responses to paragraphs 1-11.

13.     American General admits that the policy at issue in this case was written in 1983 to Plaintiff.  American General is without knowledge sufficient to admit or deny the remaining allegations, and therefore denies them and demands strict proof thereof.

14.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

15.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

16.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

17.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

18.     American General denies the allegations contained in this paragraph and demands strict proof thereof.  American General specifically denies that Plaintiff has been damaged as set forth in this paragraph and demands strict proof thereof.

American General denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph beginning, "WHEREFORE, Plaintiff demands judgment" or to any relief whatsoever.

## COUNT TWO

19.     American General adopts and incorporates its responses to paragraphs 1-18.

20.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

21.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

22.     American General denies the allegations contained in this paragraph and demands strict proof thereof.  American General specifically denies that Plaintiff has been damaged as set forth in this paragraph and demands strict proof thereof.

American General denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph beginning, "WHEREFORE, Plaintiff demands judgment" or to any relief whatsoever.

## COUNT THREE

23.     American General adopts and incorporates its responses to paragraphs 1-22.

24.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

25.     American General denies the allegations contained in this paragraph and demands strict proof thereof.  American General specifically denies that Plaintiff has been damaged as set forth in this paragraph and demands strict proof thereof.

American General denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph beginning, "WHEREFORE, Plaintiff demands judgment" or to any relief whatsoever.

## COUNT FOUR

26.     American General adopts and incorporates its responses to paragraphs 1-25.

27.     American General denies the allegations contained in this paragraph and demands strict proof thereof.

28.     American General denies the allegations contained in this paragraph and demands strict proof thereof.  American General specifically denies that Plaintiff has been damaged as set forth in this paragraph and demands strict proof thereof.

American General denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph beginning, "WHEREFORE, Plaintiff demands judgment" or to any relief whatsoever.

<u>**COUNT FIVE**</u>

29.    American General adopts and incorporates its responses to paragraphs 1-28.

30.    American General denies the allegations contained in this paragraph and demands strict proof thereof.

31.    American General denies the allegations contained in this paragraph and demands strict proof thereof. American General specifically denies that Plaintiff has been damaged as set forth in this paragraph and demands strict proof thereof.

American General denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph beginning, "WHEREFORE, Plaintiff demands judgment" or to any relief whatsoever.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own negligence.

<u>**SECOND DEFENSE**</u>

The Complaint fails to state a claim against American General upon which relief can be granted.

<u>**THIRD DEFENSE**</u>

American General is not guilty of the matters and things alleged in the Complaint.

<u>**FOURTH DEFENSE**</u>

American General denies the material allegations of the Complaint and demands strict proof thereof.

<u>**FIFTH DEFENSE**</u>

The injuries and damages claimed in the Complaint were caused by the acts or omissions

of others for whom American General owes no legal responsibility.

### SIXTH DEFENSE

American General and its agents had no duty to disclose to Plaintiff the matters she alleges were suppressed.

### SEVENTH DEFENSE

American General avers that venue is improper. In the alternative, venue would be more appropriate in another forum.

### EIGHTH DEFENSE

American General denies that it or any of its agents breached any duty or obligation allegedly owed to Plaintiff or that it or any of its agents misrepresented any material fact to Plaintiff or that it or any of its agents have omitted to state any material fact to Plaintiff. To the extent Plaintiff's Complaint attempts to state a claim for fraud, the Complaint fails to comply with Rules 8 and 9 of the Alabama Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud.

### NINTH DEFENSE

American General avers that Plaintiff's claims are barred by the applicable statute of limitations, rule of repose, statute of frauds, res judicata, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, failure to read, release and/or estoppel.

### TENTH DEFENSE

Plaintiff lacks standing to sue.

### ELEVENTH DEFENSE

Plaintiff's claims are not ripe.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the "filed-rate" doctrine.

## THIRTEENTH DEFENSE

Plaintiff's alleged losses are subject to and barred by all of the terms and conditions of the policy or policies of insurance made the basis of this lawsuit.

## FOURTEENTH DEFENSE

American General pleads that the transaction alleged was voluntarily undertaken, that plaintiff had the opportunity and the obligation to read all documents presented to or signed by plaintiff, that the terms of the insurance purchase were fully disclosed to plaintiff, that plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to take advantage of the opportunity to understand the transaction.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in the part, by the parol evidence rule.

## SEVENTEENTH DEFENSE

American General denies that Plaintiff reasonably or justifiably relied upon any alleged misrepresentation or omission by American General or its agents, or that Plaintiff was damaged as the proximate result of any alleged misrepresentation or omission.

## EIGHTEENTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to American General in this case.

## NINETEENTH DEFENSE

Plaintiff has suffered no damages as a result of the matters alleged in the complaint.

## TWENTIETH DEFENSE

American General denies that Plaintiff was injured or harmed in any way by any alleged act or omission by American General or its agents.

## TWENTY-FIRST DEFENSE

Plaintiff's claims fail, in whole or in part, because plaintiffs have failed to mitigate damages.

## TWENTY-SECOND DEFENSE

Plaintiff cannot recover damages for alleged mental anguish or emotional distress because plaintiff cannot allege or prove that plaintiff has sustained a physical injury as a result of defendant's alleged conduct or that plaintiff was placed in immediate risk of physical harm by that conduct.

## TWENTY-THIRD DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against American General would violate the Fifth and Fourteenth Amendments to the United States Constitution and

Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## TWENTY-FIFTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to American General by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-27 (1993).

## TWENTY-SEVENTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

## TWENTY-EIGHTH DEFENSE

Alabama Code § 6-11-21 bars Plaintiff's claims for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The public policy of this State, as established by Alabama Code § 6-11-21, limits the claims for punitive damages in this case. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

## TWENTY-NINTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive

damages under Alabama law would violate American General's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTIETH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate American General's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate American General's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

Any award of punitive damages based on anything other than American General's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent American General from being subject to other judgments awarded with the goal of punishing American General for the same wrong.  In effect, American General would receive multiple punishments for the same wrong.

## THIRTY-THIRD DEFENSE

Any award of punitive damages in this case would violate American General's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

## THIRTY-FOURTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the

system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting).  The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient.  See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994).  Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

**THIRTY-FIFTH DEFENSE**

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

**THIRTY-SIXTH DEFENSE**

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational.  A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to American General's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct.  A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth

Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art, I, § 15.

## THIRTY-SEVENTH DEFENSE

Without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## THIRTY-EIGHTH DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon American General's status as a large, out-of-state, corporate entity.

## THIRTY-NINTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## FORTIETH DEFENSE

Plaintiffs' claims for punitive damages against American General cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## FORTY-FIRST DEFENSE

Any award of punitive damages based on anything other than American General's conduct, if any, in connection with the sale of the specific product that is the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect American General against impermissible multiple punishment for the same wrong. See Gore v. BMW of North America, Inc., 116 S.Ct. 1509 (1996).

## FORTY-SECOND DEFENSE

Plaintiffs' demand for punitive damages is unconstitutional and violates American General's right to due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article I, Section 6, of the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally

against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

## FORTY-THIRD DEFENSE

With respect to Plaintiffs' demand for punitive damages, American General specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 599 (1996), and the application thereof in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

## FORTY-FOURTH DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424  (2001) and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

## FORTY-FIFTH DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001) and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), in assessing constitutional punitive damages.

## FORTY-SIXTH DEFENSE

Any award of punitive damages in this case would be unconstitutional under Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001) and BMW of North

America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), because American General received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

## FORTY-SEVENTH DEFENSE

American General is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

## FORTY-EIGHTH DEFENSE

American General reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.


/s/ David P. Donahue
David P. Donahue
One of the attorneys for American General Life &
Accident Insurance Company


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Phone: (205) 254-1000
Fax:    (205) 254-1999

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of Octoberber, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and by placing a copy in the United States mail, postage prepaid and properly addressed to the following:

Jere L. Beasley
Dee Miles, III
Clinton C. Carter
BEASLEY, ALLEN, CROW
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

                                    /s/ David P. Donahue
                                    OF COUNSEL